IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CORA DUDLEY and JEANNE MATTHEWS, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JUMIO CORPORATION,<br><br>Defendant. | Case No. _____ |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant Jumio Corporation ("Jumio") hereby gives notice of removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. For the reasons explained below, this Court has original jurisdiction over this case pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b).

**I.     THE STATE COURT ACTION**

On January 19, 2022, Plaintiffs Cora Dudley and Jeanne Matthews ("Plaintiffs") filed a Class Action Complaint in the Circuit Court of Cook County, Illinois, captioned *Cora Dudley and Jeanne Matthews v. Jumio Corporation*, 2022CH00408 (the "State Court Action"). Copies of the complaint and summons were served on Jumio on January 19, 2022. *See* Ex. 1 (class action complaint); Ex. 2 (summons); Ex 3 (notice of service of process). No other "process, pleadings, [or] orders" have been served upon Jumio by Plaintiffs in the Circuit Court of Cook County. 28 U.S.C. § 1446(a).

The Complaint alleges that Jumio is an "online mobile payments and identity verification company" that provides identity verification services to Airbnb, a "popular vacation rental app."

Ex. 1 ¶¶ 13, 14. The Complaint further alleges that in the "course and scope of providing this service to Airbnb" Jumio "obtained photos of class members' faces" and "photos of class members' government-issued IDs," "recorded and stored each class member's facial geometry as reflected in [the] photos" and IDs, but failed to obtain "written consent to record, collect, obtain, and/or store Plaintiffs and class members' biometric data" and failed to provide the "requisite disclosures" under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1–14/99 ("BIPA"). Ex. 1 ¶¶ 16, 17, 20. Based on these and other allegations, Plaintiffs assert against Jumio two causes of action for violations of subsections 14/15(b) and 14/15(d)(1) of BIPA. *See id*. ¶¶ 25–37.

Plaintiffs also seek to represent a proposed class of "[a]ll Illinois Airbnb users whose biometric data Defendant collected in the last 5 years" and allege that it is "impractical to join each member of the class as a named Plaintiffs [sic]" because "the number of persons within the class is substantial, believed to amount to hundreds of persons." *Id*. ¶¶ 22, 23(a). Among other relief, Plaintiffs seek on behalf of themselves and every class member: (1) declaratory relief, (2) statutory damages, (3) injunctive and equitable relief, and (4) attorneys' fees and costs. *See id.* at 8 (Prayer for Relief).

## II. GROUNDS FOR REMOVAL

### A. This action is removable under the Class Action Fairness Act of 2005.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under Section 1441 because the district courts of the United States have original jurisdiction pursuant to CAFA. *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs;" and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of

a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, these requirements are met, and this matter is removable.

**1. This is a putative class action in which the aggregate number of members is 100 or more.**

This action is a putative class action within the meaning of CAFA, which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

Plaintiffs seek to represent a putative class pursuant to 735 ILCS 5/2-801, *see* Ex. 1 ¶ 22, which authorizes "[a]n action [to] be maintained as a class action . . . if (1) The class is so numerous that joinder of all members is impracticable[,] (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members[,] (3) The representative parties will fairly and adequately protect the interest of the class[, and] (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy," 735 ILCS 5/2-801. These requirements are "patterned" after those of Federal Rule of Civil Procedure 23. *See Smith v. Ill. Cent. R.R. Co.*, 860 N.E.2d 332, 337–38 (Ill. 2006). It is thus a "similar State statute" under CAFA.

Plaintiffs' putative class action likewise contains 100 or more members. Plaintiffs seek to represent a class of "[a]ll Illinois Airbnb users whose biometric data Defendant collected in the last 5 years" and allege that "the number of persons within the class is substantial, believed to amount to hundreds of persons." Ex. 1 ¶¶ 22, 23(a).

The class as alleged thus consists of more than 100 members. Accordingly, this is a putative class action in which the aggregate number of proposed class members is 100 or more.

**2. The amount in controversy exceeds $5,000,000.**

CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). BIPA provides statutory damages of $1,000 for a

negligent violation and $5,000 for an intentional or reckless violation, with damages calculated "for each violation." *See* 740 ILCS 14/20. Here, Plaintiffs seek to represent a putative class of "[a]ll Illinois Airbnb users whose biometric data Defendant collected in the last 5 years." Ex. 1 ¶ 22. They allege that Jumio extracts biometric identifiers from photographs uploaded by customers of Airbnb, with whom Jumio partners, *see, e.g.*, *id.* ¶¶ 14–17; they assert that Jumio was required to but failed to comply with BIPA, see *id.* ¶¶ 7, 17–21; they present as a question common to the putative class "whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently," *id.* ¶ 23(iv); and they seek to recover $5,000 for each willful or reckless violation of BIPA, *id.* at 8 (Prayer for Relief). It is also established in the sworn declaration accompanying this Notice of Removal that, over the five-year period preceding January 19, 2022, more than 1,000 individuals whom Jumio has reason to believe were located in Illinois verified their identities through Jumio in connection with their use of the online vacation rental app, Airbnb. *See* Declaration of Bala Kumar In Support of Notice of Removal ("Kumar Decl.") ¶ 2 (attached hereto as Exhibit 4). Thus, the proposed class is comprised of more than 1,000 individuals, and the amount in controversy in this case exceeds $5,000,000 and justifies removal under CAFA. *See, e.g.*, *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617–18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million. That is sufficient."); *Blomberg v. Serv. Corp. Int'l.*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."); *Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) (noting that for removal purposes under CAFA, defendant need only show that the recovery at the $5,000,000 jurisdictional threshold is not "legally impossible").

By the statements contained in this Notice of Removal, Jumio does not concede that Plaintiffs are entitled to any damages or other relief. The Complaint nonetheless places more

than $5,000,000 in controversy, exclusive of interest and costs, and CAFA's second requirement is therefore satisfied.

### 3. The parties are minimally diverse.

The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

"Plaintiffs are citizens of Illinois." Ex. 1 ¶ 12. Plaintiffs also seeks to represent a class of "[a]ll Illinois Airbnb users whose biometric data Defendant collected in the last 5 years," Ex. 1 ¶ 22, and it stands to reason that at least one of those individuals is domiciled in and thus a citizen of Illinois. *See Seaboard Fin. Co. v. Davis*, 276 F. Supp. 507, 509 (N.D. Ill. 1967) ("The citizenship of an individual for purposes of diversity jurisdiction is considered to be that of his domicile," and "[t]he domicile is the state in which a person resides with the intention of remaining.")

Jumio is not a citizen of Illinois but is instead a citizen of only the states of Delaware and California. *See* Ex. 5 (identifying Delaware state of incorporation and California headquarters on California Secretary of State website); 28 U.S.C. § 1332(c)(1) (stating that a corporation "shall be deemed to be a citizen of every [s]tate . . . by which it has been incorporated and . . . where it has its principal place of business"). Accordingly, the parties are minimally diverse as required under CAFA. *See* 28 U.S.C. § 1332(d)(2).

### B. None of CAFA's exceptions bars removal in this case.

This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

Section 1332(d)(4) provides that a district court shall not exercise CAFA jurisdiction over a class action in which, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" *and* "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed" 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members *and* "the primary

defendants, are citizens of the State in which the action was originally filed"). This exception does not apply here. As already noted above, Jumio, the sole defendant, is a citizen of California and Delaware. *See* Ex. 5. Thus, no defendant is a citizen of Illinois—the state where the action was filed. *See In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 80 (1st Cir. 2009) ("Suits involving a primary defendant who is not a citizen of the forum state cannot qualify for the [local controversy] exception.").[1]

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. §§ 1332(d)(9), 1453(d) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws). Those provisions do not bar jurisdiction here because Plaintiffs' action does not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor does it involve state-centric corporate governance issues. *See* Ex. 1 at 12 (only asserting BIPA violations).

    **C.**    **Venue is Proper.**

The Northern District of Illinois is the proper venue assignment for this action upon removal because this district embraces the Circuit Court of Cook County, where the Complaint was filed and is currently pending. *See* 28 U.S.C. § 1441(a).

    **D.**    **Jumio has satisfied all other requirements of the removal procedure.**

This Notice of Removal is timely filed. Copies of the complaint and summons were served on Jumio on January 19, 2022, *see* Exs. 1–3, and this Notice of Removal is filed within 30 days of service of the complaint in compliance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P.

---

[1] For the same reason, this Court may not decline to assert jurisdiction over this case under 28 U.S.C. § 1332(d)(3) (permitting a district court to decline jurisdiction over "a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate *and the primary defendants are citizens of the State in which the action was originally filed* ") (emphasis added).

6(a). As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Jumio are being filed herewith as Exhibits 1 and 2.

Pursuant to 28 U.S.C. § 1446(d), Jumio will promptly serve on Plaintiffs and file with the Circuit Court a written notice of removal to federal court.

### III. RESERVATION OF RIGHTS AND DEFENSES

None of the foregoing shall be construed as in any way conceding the truth of any of Plaintiffs' allegations or waiving any of Jumio's rights or defenses. To the contrary, Jumio expressly reserves all of its rights and defenses. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."); *see also Bryan v. Wal-Mart Stores, Inc.*, No. C 08-5221, 2009 WL 440485, at *3 (N.D. Cal. Feb. 23, 2009) ("[D]efendants cannot be expected to try the case themselves for purposes of establishing jurisdiction, and then admit to the opposing party and to the Court that a certain number of wage and hour violations did indeed occur."); *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

### IV. CONCLUSION

Jumio requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from the Circuit Court of Cook County, and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action.

Dated: February 18, 2022          Respectfully submitted,

         */s/ Susan D. Fahringer*

Susan D. Fahringer
Nicola C. Menaldo
Anna Mouw Thompson*
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
SFahringer@perkisncoie.com
NMenaldo@perkinscoie.com
AnnaThompson@perkinscoie.com
* Pro Hac Vice application forthcoming

Debra R. Bernard
**PERKINS COIE LLP**
110 North Wacker Drive
34th Floor
Chicago, IL 60606
Telephone: (312) 324-8400
Facsimile: (312) 324-9400
DBernard@perkinscoie.com

*Attorneys for Defendant Jumio Corporation*

**CERTIFICATE OF SERVICE**

    I hereby certify that, on February 18, 2022, a copy of the foregoing NOTICE OF REMOVAL was electronically filed via the Court's CM/ECF system and served via email on the following attorneys of record:

    Roberto Luis Costales
    rlc@beaumontcostales.com
    William H. Beaumont
    whb@beaumontcostales.com
    Beaumont Costales LLC
    107 W. Van Buren, Suite 209
    Chicago, IL 606505
    *Attorneys for Plaintiffs*

    */s/ Susan D. Fahringer*
    Susan D. Fahringer