# EXHIBIT 1

Hearing Date: 5/19/2022 9:30 AM
Location: Court Room 2402
Judge: Price Walker, Allen

FILED
1/19/2022 11:48 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00408
Calendar, 3
16352567

FILED DATE: 1/19/2022 11:48 AM   2022CH00408

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| CORA DUDLEY and JEANNE MATTHEWS, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JUMIO CORPORATION,<br><br>Defendant. | Case No.: 2022CH00408<br><br>CLASS ACTION COMPLAINT |

Plaintiffs Cora Dudley and Jeanne Matthews file the following Class Action Complaint against the Jumio Corporation:

**NATURE OF THE ACTION**

1. This is an action by Cora Dudley and Jeanne Matthews ("Plaintiffs") individually and on behalf of others similarly situated ("class members") to obtain damages and other equitable relief under the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 et seq. ("BIPA" or "the Act").

2. Plaintiffs and class members are subject to the unlawful biometric scanning and storage practices of the Jumio Corporation ("Defendant").

3. Plaintiffs and class members were required to provide Defendant with their personalized biometric identifiers[1] and the biometric information[2] derived therefrom ("biometric data"). Specifically, Defendant collects and stores individual's facial geometry.

---

[1] A "biometric identifier" is any personal feature that is unique to an individual, including handprints, iris scans, DNA and "face geometry", among others.

[2] "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

1

FILED DATE: 1/19/2022 11:48 AM 2022CH00408

4. Plaintiffs and class members have not been notified where their biometric data is being stored, for how long Defendant will keep the biometric data, and what might happen to this valuable information.

5. The State of Illinois recognized the value and importance of preserving people's biometric data when it passed the BIPA.

6. Unlike other forms of personal identification, such as photo IDs or passwords, biometrics are immutable aspects of our bodies.

7. If Defendant insists on collecting and storing biometric data, Defendant must comply with the BIPA. This includes (1) notifying individuals that this practice is taking place; (2) informing individuals how this practice is implemented; and (3) obtaining individuals' written consent to this practice.

8. Unfortunately for Plaintiffs and class members, none of these directives were followed.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Defendant because Defendant does business extensively in Illinois. Furthermore, Defendant's unlawful conduct arose and was perpetuated by Defendant in Illinois.

10. Venue is proper in this Court because Defendant is doing business in Cook County and Defendant captured Plaintiffs' biometrics in Illinois.

## PARTIES

11. Defendant Jumio Corporation is a for-profit corporation that is doing business in Illinois, including Cook County.

12. Plaintiffs are citizens of Illinois.

## FACTUAL ALLEGATIONS

13. Defendant is an online mobile payments and identity verification company that provides card and ID scanning and validation products for mobile and web transactions.

14. One of Defendant's clients to which it provides this service is the popular vacation rental app, Airbnb.[3]

15. Specifically, Defendant verifies the identities of Airbnb users before those users complete transactions using the Airbnb app.

16. In the course and scope of providing this service to Airbnb, Defendant obtained photos of class members' faces as well as photos of class members' government-issued IDs.

17. Defendant then recorded and stored each class member's facial geometry as reflected in these photos, and further associated this biometric data with other personal identifying information.[4]

18. Defendant did not inform Plaintiffs or class members in writing that their biometric data was being recorded, obtained, collected, used and/or stored.

19. Defendant did not inform in writing Plaintiffs or class members the specific purpose and length of term for which their biometric data would be captured, collected, stored, and/or used.

20. Defendant did not obtain Plaintiffs' or class members' written consent to record, collect, obtain, and/or store Plaintiffs and class members' biometric data. Likewise, Defendant never provided Plaintiffs with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of Plaintiffs' or class members' unique biometric identifiers and/or biometric information.

---

[3] https://www.jumio.com/about/press-releases/airbnb-partners-with-jumio-to-help-power-new-identification-verification-product/ (last accessed January 19, 2022)

[4] https://www.jumio.com/products/authentication/ (last accessed January 18, 2022)

3

21. Defendant did not disclose to Plaintiffs the identities of any third parties with whom Defendant was directly or indirectly sharing, disclosing, or otherwise disseminating Plaintiffs' or class members' biometrics.

## CLASS ACTION ALLEGATIONS

22. Plaintiffs seek to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of the following class:

> *"All Illinois Airbnb users whose biometric data Defendant collected in the last 5 years."*

23. Class treatment in this case is appropriate because:

(a) Pursuant to 735 ILCS 5/2-801 (1), the number of persons within the class is substantial, believed to amount to hundreds of persons. It is, therefore, impractical to join each member of the class as a named Plaintiffs. Further, the size and relatively modest value of the claims of the individual members of the class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the class is ascertainable and identifiable from Defendant's records.

(b) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; these common questions of law and fact include, without limitation:

  i. whether Defendant properly informed Plaintiffs and the Class that it collected, used, and stored their biometric identifiers and/or biometric information;

4

      ii. whether Defendant obtained a written release (as defined in 740 ILCS § 14/10) to collect, use, and store Plaintiffs' and the Class' biometric identifiers and/or biometric information;

      iii. whether Defendant used Plaintiffs' and the Class' biometric identifiers and/or biometric information to identify them;

      iv. whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

(c) The class representatives, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the Plaintiffs are able to fairly and adequately represent the interests of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendant and the Court. Plaintiffs have retained and are represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiffs and their counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiffs are able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiffs nor their counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class.

(d) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many class members cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the Defendant. Even

if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiffs anticipate no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with the BIPA.

24. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
(Damages)

25. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

26. Defendant recorded, collected, and stored Plaintiffs' and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10. Every instance of Defendant collecting, capturing, storing, and/or sharing Plaintiffs' and class members' biometrics identifiers and biometric information constitutes a violation of the Act.

27. Defendant violated Section 14/15(b) of the Act by collecting, capturing, obtaining and storing and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that:

    (a) The biometric data was being recorded, obtained, collected, or stored; and

    (b) The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored.

28. Upon information and belief, Defendant violated Section 740 ILCS 14/15(d)(1) of the Act by disclosing Plaintiffs' biometric identifiers and/or biometric information to a third party without obtaining informed written consent.

29. Defendant's conduct is at best negligent and at worst inattentional or reckless.

30. Accordingly, Defendant is liable to Plaintiffs and class members in the amount of liquidated damages or actual damages, whichever is greater. 740 ILCS § 14/20(1).

## COUNT II
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
(Injunctive Relief)

31. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

32. The BIPA provides for injunctive relief. 740 ILCS § 14/20(4).

33. Plaintiffs and class members are entitled to an order requiring Defendant to make disclosures consistent with the Act and enjoining further unlawful conduct.

34. Plaintiffs seek an order requiring Defendant to disclose whether Defendant retained their or any other class members' biometric data.

35. Plaintiffs seek an order requiring Defendant to disclose the standard of care that it employed to store, transmit, and protect their or class members' biometric data.

36. Plaintiffs seek an order requiring Defendant to disclose to whom it has disseminated, sold, or transferred their or class members' biometric data.

37. Injunctive relief is necessary to afford Plaintiffs and class members the safety and peace of mind envisioned by the passage of the Act.

## **PRAYER FOR RELIEF**

Plaintiffs ask the court to enter judgment in their favor against the Defendant and issue an order:

a. Certifying this case as a class action, naming Plaintiffs class representatives and their counsel as class counsel;

b. Declaring that Defendant has violated the Biometric Information Privacy Act, and enter a judgment in favor of Plaintiffs and the class;

c. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the Act;

d. Awarding statutory damages of $1,000 for each negligent violation of the Act;

e. Awarding injunctive and equitable relief as necessary to protect the interests of the Plaintiffs and the class;

f. Awarding reasonable attorneys' fees and costs of this action;

g. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

h. Awarding such other general and equitable relief as this Court deems equitable and just.

*Respectfully submitted,*

*/s/ William H. Beaumont*

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for the Plaintiffs*